IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| STEVIE TERRY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY A. BERRYHILL, Acting | * | No. 3:17cv00088-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

## MEMORANDUM AND ORDER

Plaintiff, Stevie Terry, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993). After careful review of the pleadings and evidence in this case,

I find the Commissioner's decision is supported by substantial evidence and the Complaint should be DISMISSED.

Plaintiff is fifty years old.  (Tr. 42, 67.)  He testified he went as far as the eleventh grade in school.  (Tr. 43, 71.)  He has past relevant work as a truck driver.  (Tr. 25.)

The Administrative Law Judge[1] (ALJ) found Mr. Terry had not engaged in substantial gainful activity since Mary 10, 2012, the alleged onset date.  (Tr. 17.)  He has "severe" impairments in the form of "gout of the right wrist, mild carpal tunnel syndrome, arthritis of the wrists, hip and knees, reduced grip strength to 3/5 of the right hand and 4/5 of the left hand, history of knee surgery, depression, anxiety, bipolar disorder and a limited education."  (*Id.*)  The ALJ further found Mr. Terry did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (*Id.*)

The ALJ determined Mr. Terry had the residual functional capacity to perform a reduced range of light work given his mental and physical impairments.  (*Id.*)  The ALJ determined Mr. Terry could no longer perform his past work, so the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments.  Based on the testimony of the vocational expert, the ALJ determined Mr. Terry could perform the jobs of mail clerk and order caller.  (Tr. 26, 85-91.)  The ALJ also considered jobs that could be performed at

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the sedentary level and identified that Plaintiff could perform the jobs of weight tester and food and beverage order clerk. (*Id.*) Accordingly, the ALJ determined Mr. Terry was not disabled. (Tr. 26-27.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

The issue in this case is whether the ALJ rightly discounted the opinions of Plaintiff's treating physicians, Mack Shotts, M.D, and Robin Forward-Wise, M.D. (Doc. No. 13 at 15-25.) Dr. Shotts has been Mr. Terry's treating doctor since 2012 and Dr. Forward-Wise was his psychiatrist for approximately one year. They both completed Medical Source Statements whereby they concluded Mr. Terry would be unable to perform work at the light exertional level. (Tr. 690-691, 693-694.)

The ALJ considered this evidence and found "the objective medical evidence does not support the severity of the claimant's symptoms as opined by Dr. Shotts." (Tr. 25.) The ALJ ". . . also considered the opinion of Dr. Forward and [gave] this little weight. While Dr. Forward is a treating source, the evidence shows the claimant actually received very little treatment with Dr. Forward and the remainder of the visits have been with non-authorized medical sources." (*Id.*) The ALJ found Dr. Forward-Wise's opinion and treatment "began significantly after the claimant's alleged onset date." (*Id.*)

Plaintiff correctly argues his treating doctors should generally be given deference. But after a close review of the record, I find the ALJ could properly discount these opinions.

The United States Court of Appeals for the Eighth Circuit has reiterated:

> Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). Indeed, when the treating physician's opinion is supported by proper medical testing, and is not inconsistent with other substantial evidence in the record, the ALJ must give the opinion controlling weight. *Id.* "However, [a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Wildman v. Astrue*, 596 F.3d 959, 964 (8th Cir. 2010) (alteration in original) (internal quotation omitted). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

*Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012).

Here, the ALJ had fair reasons to discount both doctors' conclusions. As the Commissioner points out in her brief, the medical evidence simply fails to support the conclusions of Dr. Shotts. In reviewing the treatment records I, too, fail to find support for these Medical Source Statements.

It appears most of Mr. Terry's physical problems stem from his failure to take his medication. As the ALJ stated, "Pharmacy records show the claimant has taken these medications, as well as a number of other medications. However, none of the claimant's medications are filled on a regular basis." (Tr. 22.) Dr. Shott's treatment notes confirm that Plaintiff's "pain is under control with present treatment" and "uncontrolled when off medicine." (Tr. 696.) And Stefan Scheidler, M.D., further reported, "The patient is in need of regular medical care as there are a wide variety of therapies which can adequately control gout and depression." (Tr. 399.) Failure to follow a prescribed course of remedial treatment without good cause is grounds for denying an application for benefits. *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *Johnson v. Bowen*, 866 F.2d 274, 275 (8th Cir. 1989). Accordingly, the ALJ could rightly discount Dr. Shott's opinions.

Regarding Mr. Terry's mental impairments, the Medical Source Statement from Dr. Forward-Wise, if fully credited, would likely result in finding Plaintiff was disabled. However,

4

the treatment records simply fail to support a claim of complete disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with serious illnesses, the treatment records fail to show marked limitation in his ability to perform work related activities.

It is not to say there is not objective evidence to support Mr. Terry's allegations. He has a number of impairments and I am sympathetic to his claims. But I find substantial evidence to support the ALJ's conclusions in this case.

Plaintiff has advanced other arguments which I find are without merit. Mr. Terry's counsel has done an admirable job advocating for Plaintiff. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this

case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 27th day of September, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE